UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| USI INSURANCE SERVICES, LLC, | ) |
| | ) |
| *Plaintiff* | ) Civil Action No.: 15-24337-CIV-MORENO |
| | ) |
| v. | ) |
| | ) |
| TIMOTHY J. SIMOKONIS, individually, | ) |
| and ARTHUR J. GALLAGHER & CO., | ) |
| | ) |
| *Defendant* | ) |

### MOTION TO QUASH SUBPOENA TO TESTIFY AT DEPOSITION and/or MOTION FOR PROTECTIVE ORDER

Non-Party, ROBERT C. BOWLING, ESQ., VERNIS & BOWLING OF MIAMI, P.A., moves the Court to quash the Subpoena to Testify at a Deposition in a Civil Action, issued by Defendants and attached as Exhibit A, because it fails to allow a reasonable time to comply, pursuant to Rule 45(d)(3), Fed. R. Civ. P. Alternatively, ROBERT C. BOWLING, ESQ., moves the Court to issue a protective order under Rule 26(c)(1), prohibiting the currently-set deposition and forbidding and/or specifying the terms and/or methods of discovery with respect to any information sought through his deposition, and states as follows:

### I.     Facts

1.    ROBERT C. BOWLING, ESQ., is a non-party to this suit.

2.    ROBERT C. BOWLING, ESQ., was served with a Subpoena to Testify at a Deposition in a Civil Trial ("the subpoena") on **April 18, 2016**, which stated that the deposition was to be held at **10 a.m.** on **May 5, 2016**, in Miami, Florida. A copy of said subpoena is attached hereto as "*Exhibit A*."

3. ROBERT C. BOWLING, ESQ., cannot appear for deposition at the above date and time.

4. Subsequent to service of the attached subpoena, counsel for Defendants who issued the subpoena have indicated to the undersigned that they intend to re-set the deposition of ROBERT C. BOWLING, ESQ., to **May 3, 2016**. Thus, indicating their intent to not go forward on **May 5, 2016**. Therefore, ROBERT C. BOWLING, ESQ. should be relieved of any compliance with the attached subpoena. ROBERT C. BOWLING, ESQ., has not been served with a subpoena for the purposed new date of **May 3, 2016**. Regardless, ROBERT C. BOWLING, ESQ., is not able to appear for deposition on **May 3, 2016**.

5. Defendants did not consult with ROBERT C. BOWLING, ESQ., prior to setting the date of his deposition for the attached subpoena or when the parties decided to move the deposition to **May 3, 2016**. ROBERT C. BOWLING, ESQ., was not on notice of the **May 5** deposition prior to being served with the subpoena and has not been served with a new subpoena for a deposition on **May 3, 2016**, despite statements from counsel for Defendant's to the contrary.

6. For the above non-exclusive reasons, the subpoena fails to allow reasonable time for ROBERT C. BOWLING, ESQ., to comply with same.

7. The undersigned was further informed that the only possible dates must be before **May 11, 2016**, because of a discovery cut-off date.

8. ROBERT C. BOWLING, ESQ., is unable to appear for deposition before mid-**June, 2016**.

9. Because the subpoena fails to allow reasonable time to comply, the subpoena is in violation of Rule 45(d)(3)(C)(i), Fed. R. Civ. Pro., and the Court is required to quash or modify the subpoena.

10. This motion is timely filed pursuant to Rule 45(d)(2)(B), Fed. R. Civ. Pro., as it has been filed prior to the time specified for compliance of the Subpoena.

11. The undersigned certify that they, through their undersigned counsel, have in good faith attempted to confer with the party which issued the subpoena, in order to coordinate a new deposition date.

## II.   Memorandum of Law and Argument

### A.   The subpoena should be quashed

Rule 45(d)(3), Fed. R. Civ. Pro., requires the Court to quash or modify a subpoena when it fails to allow a reasonable time to comply, when it requires a person to travel certain distances, when it requires disclosure of privileged or other protected matter, or when it subjects a person to undue burden. In the present case, ROBERT C. BOWLING, ESQ., was not allowed a reasonable time to comply with the subpoena, because he was not given the opportunity to ensure that he could appear for deposition at the appointed date and time. Further, it would create a burden on ROBERT C. BOWLING, ESQ., by requiring him to accommodate the parties' discovery deadlines and it appears from statements of defense counsel that the **May 5, 2016**, deposition dare is abandoned as the parties are attempting to move the deposition to **May 3, 2016**. As Rule 45(d)(3), subsection (A) (entitled "*When required*") clearly mandates, the Court is required quash or modify a subpoena that fails to allow reasonable time for the witness to comply.

Furthermore, it appears that the subpoena as served is deficient on its face, because it does not designate the subject matter of the deposition or include an attachment identifying the

subject matter of the deposition. The subpoena commands that ROBERT C. BOWLING, ESQ., is to "*testify....about the following matters, or those set forth in an attachment.*" See *Exhibit A*, first paragraph. No "matters" are listed on the subpoena and there is no attachment to the subpoena. Because the subject matter of the deposition is not identified, it is unreasonable to expect ROBERT C. BOWLING, ESQ., to comply. Thus, the subpoena should be quashed, pursuant to Rule 45(d)(3).

**B.     Alternatively, a protective order should be entered**

If the Court declines to quash the subpoena, the subpoena must be modified. If the Court is inclined to modify the subpoena, the Court should also enter a protective order under Rule 26(c)(1), in order to protect ROBERT C. BOWLING, ESQ.'s, interests and allow him a fair opportunity to coordinate compliance with the subpoena.

Rule 26(c)(1) allows the Court to enter a protective order forbidding and/or specifying the terms and/or methods of discovery with respect to any information sought through the deposition of ROBERT C. BOWLING, ESQ. If the information sought is privileged, confidential, protected trade secret, or irrelevant, the Court should forbid the deposition under Rule 26(c)(1)(A). If the deposition is necessary, ROBERT C. BOWLING, ESQ., should be entitled to an Order specifying reasonable terms, including time and place, for the deposition, under Rule 26(c)(1)(B). If a less intrusive method of discovery is sufficient, the Court should prescribe an alternate method of discovery under Rule 26(c)(1)(C). Depending on the information sought, deposition or discovery must be limited under Rule 26(c)(1)(E)-(H).

At the very least, the Court should modify the terms of the subpoena to specify a reasonable date and time for any deposition, in order to allow ROBERT C. BOWLING, ESQ.,

reasonable time to comply with the subpoena, in accordance with Rule 26(c)(1) and Rule 45(d)(3).

### III.   Conclusion

The subpoena fails to give ROBERT C. BOWLING, ESQ., reasonable time to comply, and therefore should be quashed under Rule 45(d)(3)(A). If the Court declines to quash the subpoena and chooses to modify the subpoena, the Court should enter a protective order, under Rule 26(c)(1), in order to allow ROBERT C. BOWLING, ESQ., the fair opportunity to respond to the subpoena as necessary and in order to protect his interests and limit the scope, terms, and methods of producing the information sought in response to the subpoena.

WHEREFORE, for the above non-exclusive reasons, Non-Party ROBERT C. BOWLING, ESQ., respectfully moves the Court to *QUASH* the Subpoena to Testify at a Deposition. Alternatively, if the Court modifies the subpoena, ROBERT C. BOWLING seeks a *PROTECTIVE ORDER*, prohibiting his deposition and/or specifying and limiting the scope, terms, and methods of his sought in response to the subpoena.

Date 4/28/16

Eric J. Knuth, Esq.
VERNIS & BOWLING OF MIAMI, P.A.
1680 NE 135th Street
Miami, FL 33125
eknuth@florida-law.com
305-895-3035

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| USI INSURANCE SERVICES LLC. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 15-24337-CIV-MORENO |
| TIMOTHY J. SIMOKONIS, individually, and ARTHUR J. GALLAGHER & CO., | ) |
| *Defendant* | ) |

SERVED
4-18-16
@ 1:45 p
R Toler
365

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Robert Bowling, Esq., Vernis & Bowling of Miami, P.A., 1680 N.E. 135th Street, Miami, Florida 33181

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Lash & Goldberg LLP<br>100 SE 2nd Street, Ste 1200<br>Miami, FL 33131 | Date and Time:<br>05/05/2016 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographer and videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached — Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/15/2016

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Timothy J. Simokonis and Arthur J. Gallagher & Co. , who issues or requests this subpoena, are:

Greg J. Weintraub, 100 SE 2nd Street, Ste. 1200, Miami, FL 33131, gweintraub@Lashgoldberg.com, 305-347-4040

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).